UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DISH NETWORK LLC, ECHOSTAR
TECHNOLOGIES LLC, and NAGRASTAR LLC,

    Plaintiffs,

File No. 1:14-CV-279

v.

HON. ROBERT HOLMES BELL

BRAD ZERNS,

    Defendant.
                            /

## **O P I N I O N**

    This case arises out of Defendant Brad Zerns' allegedly unlawful interception of Plaintiff DISH Network's satellite programming through use of an online service known as IKS Rocket. This matter is currently before the Court on Plaintiffs DISH Network, EchoStar Technologies, and NagraStar's motion for summary judgment against Defendant Brad Zerns for violations of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2511(1)(a), 2520. (ECF No. 20.) Defendant has filed a response (ECF No. 22) and a letter purporting to be a motion for summary judgment (ECF No. 23). Defendant has also filed a letter and exhibit which the Court construes as an exhibit to his response to Plaintiffs' motion. (ECF No. 25.) Plaintiffs have filed a reply in support of its motion (ECF No. 24) and a response to Defendant's letter motion (ECF No. 26). For the reasons stated below, the Court will deny all motions for summary judgment.

## I. Background

DISH Network provides satellite television programming to approximately fourteen million customers via a direct broadcast satellite system. (Compl. ¶ 9, ECF No. 1.) Works broadcast by DISH Network are copyrighted. DISH Network has the authority of the copyright holders to protect the works from unauthorized reception and viewing. (*Id*. ¶ 12.)

DISH Network digitizes, compresses, and scrambles its programming, then transmits the scrambled signal to satellites. (*Id*. ¶ 13.) The satellites relay the scrambled signal back to equipment owned by DISH Network subscribers for viewing. The required equipment for a subscriber includes a satellite dish antenna and receiver, which are provided by Defendant EchoStar Technologies, and a smart card provided by Defendant NagraStar. (*Id*. ¶ 14.)

When the DISH Network signal hits the receiver, the receiver locates an encrypted part of the transmission known as the entitlement control message, and forwards that message to the smart card. The smart card uses a decryption key to unlock the message, which uncovers a control word. The smart card transmits the control word back to the receiver to decrypt and descramble the satellite signal. The smart card will only transmit control words for programming that the subscriber is authorized to watch. (*Id*. ¶¶ 15-18.)

A form of satellite piracy called "control word sharing," "Internet key sharing," or "IKS" allows an end-user to circumvent the receiver and smart card controls on programming. In IKS, software intercepts decrypted control words from a legitimate and authorized DISH Network receiver, and then shares the control word across the internet. Someone with an internet connection can then transmit the control words to their own,

unauthorized receiver. With the control words, the unauthorized receiver can decrypt and descramble DISH Network programming, allowing the end-user to watch programming to which they have not subscribed. (*Id*. ¶¶ 22-24.)

The following facts are undisputed: Defendant purchased a subscription to IKS Rocket, an IKS service, through PayPal on about January 1, 2012. After purchasing the subscription, Defendant was provided with a passcode allowing him to connect to the IKS Rocket server. (Pls.' Br. 8; Def.'s Br. ¶¶ 2, 7, 16, 21.) Defendant accessed a website at www.ftabeta.com under the username "bradzerns" and posted a comment confirming that IKS Rocket worked for him and describing some troubleshooting tips for other users. (Pls.' Br. 8; Def.'s Br. ¶ 26.)

The facts diverge here. Plaintiffs contend that Defendant used IKS Rocket to obtain unauthorized programming from DISH Network. (Pls.' Br. 8-9.) Defendant contends that he never attempted or intended to obtain programming from Plaintiff DISH Network; rather, he used IKS Rocket in an attempt to obtain programming from Bell TV, a Canadian satellite television service. The parties dispute numerous other facts, including when Defendant had internet connections at his residence, what service provided his internet connection, and what kind of satellite dish he owned.

Plaintiffs' complaint alleges three counts of unlawful conduct: (1) circumventing an access control measure in violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(1); (2) receiving satellite signals without authorization in violation of the Federal Communications Act, 47 U.S.C. § 605(a); and (3) intercepting satellite signals in violation

3

of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2511(1)(a) and 2520. Plaintiffs move for summary judgment on the ECPA count, and ask the Court to award statutory damages of $10,000 and attorneys' fees and costs.

Defendant opposes the motion for summary judgment. Defendant also contends, under penalty of perjury, that he never received Plaintiffs' first sets of requests for admission, interrogatories, and requests for production. (Def.'s Br. 1.) Defendant requests to continue discovery, which the Court construes as a motion to withdraw his answers under Federal Rule of Procedure 36(b). Defendant has provided some answers to the requests for admissions.

## II. Legal Standards

The Federal Rules of Civil Procedure require the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In considering a motion for summary judgment, "the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Martin v. Cincinnati Gas and Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009) (citing *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007)). Nevertheless, the mere existence of a scintilla of evidence in support of a non-movant's position is not sufficient to create a genuine issue of material

fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.*; *see Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989).

Under Federal Rule of Procedure 36(b), the Court may allow a party to withdraw or amend admissions (1) when doing so would aid the presentation of the merits of the case; and (2) where the Court is not persuaded that an amendment would prejudice the party who obtained the admission. *Clark v. Johnson*, 413. F. App'x 804, 818 (6th Cir.2011) (citing Fed.R.Civ.P. 36(b)). The first prong "is satisfied 'when upholding the admission would practically eliminate any presentation on the merits of the case." *Id.* (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir.1995)). As to the second prong, "[t]he prejudice contemplated ... is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth ... [p]rejudice ... relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 154 (6th Cir.1997) (internal citations omitted).

### III. Discussion

**A. Withdrawn Answers under Fed.R.Civ.P. 36(b)**

Plaintiffs argue that, because Defendant has not provided any responses to their First Set of Requests for Admission, all matters should be deemed admitted under Federal Rule of Procedure 36(a)(3). Plaintiffs state that they properly served Defendant on September 11, 2014, and informed him that his responses were due 30 days later. (Pls.' Br. 11.) Plaintiff

then filed the instant motion 42 days later on October 23, 2014. Defendant states that he never received the requests for admission, and he has filed answers with his response to Plaintiffs' motion. The admissions here are entirely dispositive, and if upheld would "practically eliminate any presentation on the merits of the case." *Clark*, 413 F. App'x at 818. Defendant has not shown any "special difficulties" related to withdrawal of those admissions in light of their contention that they can prove their case independent of the admissions. Therefore, the Court will not deem matters contained in the discovery requests admitted against Defendant Zern, and will grant Defendant's motion to withdraw the answers.

**B. Summary Judgment as to Violations of the ECPA**

Section 2511(1)(a) of the ECPA makes it unlawful for a person to "intentionally intercept" any "electronic communication." 18 U.S.C. § 2511(1)(a). A private right of action is created under § 2520 for any person whose electronic communication is intercepted. 18 U.S.C. § 2520; *see also DIRECTV, Inc. v. Bennett*, 470 F.3d 565, 568-69 (5th Cir. 2006). Encrypted broadcasts of satellite television programming constitute electronic communications under the ECPA. *United States v. One Macom Video Cipher II*, 985 F.2d 258, 160-61 (6th Cir. 1993). Interception can be accomplished though "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. § 2510(4). Numerous courts have recognized offenses under Section 2511(1)(a) where a defendant subscribed to the IKS Rocket service and obtained unauthorized satellite television programming. *See, e.g. DISH Network v. Singh*, No. 1:14-cv-1581, 2015 WL 507002 (N.D. Ohio Feb. 6, 2015); *DISH*

6

*Network v. Tendler*, No. 14-cv-266, 2015 WL 400869 (D.N.H. Jan. 28, 2015); *DISH Network v. Hoggard*, No. 1:14-cv-331, 2015 WL 2208104 (E.D. Cal. May 27, 2014); *DISH Network v. Williamson*, No. 3:13-cv-50, 2013 WL 6119222 (E.D. Tenn. Nov. 21, 2013)*; DISH Network v. Gonzalez*, No. 1:13-cv-107, 2013 WL 2991040 (E.D. Cal. June 14, 2013); *DISH Network v. Sanchez*, No. 1:11-cv-1485, 2012 WL 2090439 (E.D. Cal. June 8, 2012).

In this case, neither party disputes that Defendant subscribed to the IKS Rocket service with the purpose of obtaining satellite television programming. However, there exists a genuine dispute whether Defendant obtained DISH Network's programming or another satellite service, such as Bell TV. This fact is material because Plaintiffs may not have standing to bring a case under the ECPA if Defendant did not intercept their electronic communications. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ("[T]he plaintiff must have suffered an 'injury in fact' . . ."). Thus, summary judgment is inappropriate.

### IV. Conclusion

There exists a genuine issue of material fact whether Defendant obtained programming provided by Plaintiffs. Accordingly, the Court will deny all motions for summary judgment on Count III.

An order shall follow in accordance with this opinion.


Date:  February 12, 2015            /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    UNITED STATES DISTRICT JUDGE